# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

**DEXTER RODNEY,** on behalf of himself
and those similarly situated

        **Plaintiff,**

vs.                                      **CASE NO.:**

**DIGITAL MEDIA, INC.**

        **Defendant.**
_____/

## COMPLAINT
### (Collective Action Matter)

COMES NOW Plaintiff, DEXTER RODNEY (hereinafter referred to as "Plaintiff"), on behalf of himself and those similarly situated by and through the undersigned attorney, and files this complaint against his former employer, Defendant, DIGITAL MEDIA, INC. (hereinafter referred to as "Defendant"), for unpaid minimum wage, overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA"), and in support thereof states as follows:

## NATURE OF SUIT

1. Congress passed the FLSA in 1938. The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard

wages, oppressive working hours, and labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.,* 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay a statutory minimum on time may be so detrimental to the maintenance of a minimum standard of living necessary for health, efficiency, and general well-being of workers and the free flow of commerce that double payment must be made in the event of delay in order to ensure the restoration of workers to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil,* 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. This action is brought under the FLSA to recover from Defendant unpaid minimum wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, and any other relief this Court deems just and appropriate.

3. This action is intended to include each and every cable technician who worked for the Defendant at any time within the past three (3) years.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA, as amended 29 U.S.C. § 201, *et seq*. to recover unpaid minimum

wage and overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

5. The jurisdiction of the Court over this controversy is proper pursuant to 29 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff either worked for Defendant within this District during the relevant time period subject to this Complaint, Defendant maintained a business operation with the District, or because a substantial part of the events and/or omissions giving rise to the claims asserted herein arose in a substantial part within this District.

## PARTIES

7. Plaintiff, Dexter Rodney, was employed as a cable technician by Defendant and resides in Clarkston, Georgia.

8. Defendant, Digital Media, Inc. is a corporation whose principle place of business is located at 235 Peachtree Street, N.E. in Atlanta, Georgia and who operates and conducts business in and around Georgia and other states.

## FAIR LABOR STANDARDS ACT ("FLSA") COVERAGE

9. At all material times relevant to this action, 2015–to the present,[1]

---

[1] All references to material times relevant to this action shall mean to encompass from 2015 through the present.

Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

10. At all material times hereto (2015-2018), Defendant was and continues to be, an "enterprise engaged in commerce" within the meaning of §6 and §7 of the FLSA.

11. At all material times hereto (2015-2018), Defendant was the "employer" within the meaning of the FLSA.

12. At all material times hereto (2015-2018), Plaintiff was an "employee" within the meaning of the FLSA.

13. At all material times hereto (2015-2018), Defendant employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

14. At all material times hereto (2015-2018), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

    d.    Communicated across state lines; and/or

    e.    Performed work essential to any of the preceding activities.

15. At all material times relevant to this action, Defendant made gross earnings of at least $500,000 annually.

16. At all material times relevant to this action, Defendant has provided cable products and services to its clients, and has accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

17. At all material times relevant to this action, Defendant purchased and installed cable products which are moved, received and shipped through other out-of-state vendors and/or entities (i.e., satellite installation equipment, etc.).

## FACTUAL ALLEGATIONS

18. Defendant owns and operates a cable installation company located in Atlanta, Georgia (Fulton County).

19. Defendant earned at or above Five Hundred Thousand and 0/100 dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

20. Plaintiff worked as a cable technician for Defendant.

21. Plaintiff worked for Defendant from approximately June 2016 until July 15, 2017.

22. During his employment, Plaintiff was paid piecemeal depending on the item he installed in the customer's home or business.

23. During his employment with Defendant, Plaintiff performed work without compensation; therefore, he was not paid at least full minimum wage for all hours worked during one (1) or more workweeks. Specifically, Defendant withheld Plaintiff's pay checks on the basis that Plaintiff did not provide advanced notice of separation from the company and/or return the equipment per Defendant's contract.

24. At all times relevant to this action, Defendant has failed to comply with 29 U.S.C. §§201-209 because Plaintiff performed services for Defendant for which no provisions were made by Defendant to ensure that Plaintiff was properly paid his complete wages.

25. During his employment with Defendant, Plaintiff was not paid his complete wages for one (1) or more workweeks.

26. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

27. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage and proper overtime compensation with respect to Plaintiff.

28. Defendant knowingly and willfully failed to fulfill its record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

29. Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

30. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

## COLLECTIVE ACTION ALLEGATIONS

31. Plaintiff and the class members performed the same or similar job duties as one another in that they provided cable installation services for Defendant.

32. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were paid piecemeal per equipment that they installed and were not compensated at a rate of at least time-and-one-half their regular rate of pay for hours worked in excess of forty (40) hours in a workweek during the time period that they were employed with Defendant. Additionally, Plaintiff and the class members had one or more paychecks withheld by Defendant resulting in a

minimum wage violation. Therefore, the class members are owed overtime and minimum pay wages for the same reasons as Plaintiff.

33. Defendant's failure to compensate employees properly as required by the FLSA results from a policy and/or practice of failure to ensure that cable technicians are paid for any overtime hours worked over forty (40) hours in a workweek.

34. These policies or practices were applicable to Plaintiff and the class members.

35. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

36. Rather, the same policies and/or practices, which resulted in the non-payment of overtime to Plaintiff, apply to all class members.

37. Accordingly, the class members are properly defined as:

> **All cable technicians who worked for Defendant within the last three (3) years who were not compensated at a rate of time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek and who were not paid at least minimum wage for hours worked.**

38. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

39.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

40.     During the relevant period, Defendant violated §7(a)(1) and §15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees minimum wage or overtime for their work at a rate of time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

41.     Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION AGAINST DEFENDANT

42.     Plaintiff readopts and reincorporates paragraphs 1 through 41 of the Complaint, as if fully set forth herein.

43.     At all material times hereto, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of time and one-half times Plaintiff's regular rate of pay.

44. Plaintiff was, and is, entitled to be paid at the statutory rate of time and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

45. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

46. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

47. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

50. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4

with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one-half for their overtime hours.

51. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff and the class members have suffered damages, as well as incurring reasonable attorneys' fees and costs.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

52. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-41 above.

53. Plaintiff is/was entitled to be paid at least minimum wage for each hour worked during his employment with Defendant.

54. During his employment with Defendant, Plaintiff worked multiple hours without compensation, and was therefore not paid at least full minimum wage for all hours worked during one or more workweeks.

55. Specifically, Plaintiff's paycheck was withheld for various alleged violations of contract. Plaintiff was not paid at all for any of those hours.

56. Plaintiff has demanded proper compensation for one or more weeks of

work with Defendant, but Defendant has refused and/or failed to compensate him for the same. As a result of Defendant' actions in this regard, Plaintiff has not been paid at least the minimum wage for each hour worked during one or more weeks of his employment with Defendant.

57. Defendant willfully failed to pay Plaintiff at least minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

58. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

**WHEREFORE**, Plaintiff, Dexter Rodney, and all other similarly situated employees, demand an award against Defendant for:

a. Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

b. The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate him/them;

c.  The payment of all regular hours worked for which Defendant did not properly compensate him/them at no less than the statutory minimum wage;

d.  Liquidated damages;

e.  Reasonable attorneys' fees and costs incurred in this action;

f.  A declaration that Plaintiff and the putative opt-in Plaintiffs were employees of Defendant under the terms of the FLSA;

g.  Pre- and post-judgment interest as provided by law; and

h.  Any and all further relief that this Court determines to be appropriate.

DATED, this the 17th day of April, 2018

> Respectfully submitted,
> DEXTER RODNEY, on behalf of himself
> and those similarly situated, PLAINTIFF
>
> */s/ Adian Miller*
> ADIAN MILLER, ESQ.
> 794647
> **MORGAN & MORGAN, P.A.**
> 191 Peachtree Street N.E.
> Suite 4200
> Atlanta, GA 30303
> (404) 496-7332
> (404) 496-7428
> Email:     armiller@forthepeople.com
> Attorney for Plaintiff